UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

vs.

David Vue,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 21-95 (MJD/ECW)

---

    Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

    Thomas Shiah, Law Offices of Thomas H. Shiah, Ltd., Counsel for Defendant David Vue.

---

    This matter is before the Court on the Report and Recommendation by United States Magistrate Judge Elizabeth Cowan Wright dated May 25, 2022. (Doc. 62.)  Defendant filed objections to the Report and Recommendation. (Doc. 64.)  The Government did not object to the Report and Recommendation.

    Pursuant to statute, the Court has conducted a de novo review of the record.  28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  Based upon that review, and in consideration of the applicable law, the Court will adopt the Report and Recommendation.

For a full recitation of the facts, the Court refers to the Report and Recommendation. (Doc. 62 at 3-6.) Briefly, Defendant's motion to suppress is premised on his in-custody interview conducted at the Safe Streets Task Force Office in Northeast Minneapolis on February 26, 2020 immediately after a search of his home and his arrest. At that time, Defendant was under investigation for selling and using methamphetamine. Defendant was interviewed in a room approximately 12-feet square that had no windows, an entry door with a lock, and a table with a chair on one side and two chairs on the other side. The desk had a ring on the surface to which handcuffs could be attached. Prior to his interview, pictures of evidence collected during drug buys involving Defendant were affixed to the walls of the interview room.

Minneapolis Police Sergeant Chao Lee and FBI Agent Andy Mento interviewed Defendant. Sergeant Lee was in plain clothes and had his weapon in a holster at his side that was not visible to Defendant. Sergeant Lee, who testified at the suppression hearing, did not know whether Agent Mento had a firearm with him during the interview, but stated that Defendant was never informed that either he or Agent Mento had a firearm. Sergeant Lee fastened handcuffs to the desk when they entered the interview room because he had

experience with arrested individuals attempting to flee the room when no officers were present and because Defendant was locked in the room alone prior to the start of the interview.  Defendant's right hand was cuffed to the table. (Gov. Ex. 2 at 1:51:05 p.m.)  Defendant was not read his <u>Miranda</u> rights when he was arrested or when he was first placed in the interview room.

Defendant was in the interview room alone for 17 minutes before officers rejoined him.  Before Defendant was read his <u>Miranda</u> rights, Agent Mento conducted a "softening up process" where he informed Defendant of the reasons he was arrested and that officers had observed four separate drug buys involving Defendant.  The officers told Defendant they were not going to ask him any questions during this time and, indeed, they did not do so.

Sergeant Lee described the "softening up process" as one where law enforcement officers inform a defendant why he or she is being arrested and the potential charges the defendant faces.  At the suppression hearing, Sergeant Lee agreed that having pictures of a defendant on the wall of an interview room was "pretty rare," but stated that the pictures on the wall were routine surveillance pictures and that they were not there to "shock and awe" Defendant in any way.

Defendant was advised of his Miranda rights and signed a waiver of his Miranda rights before officers asked him questions. Defendant answered questions without hesitation during the following seventeen minutes. The officers did not use intimidating or coercive tactics during the interview. After approximately 17 minutes of questioning, Defendant requested a bathroom break. When Defendant returned to the interview room, he not handcuffed. Defendant was released after the interview.

Sergeant Lee testified that Defendant did not appear intoxicated or under the influence of drugs when arrested. However, he did not know whether Defendant had used methamphetamine that day or what his state of mind was, but Defendant appeared to be tracking questions and answered cogently during the interview. The Court's independent review of Defense Exhibit 2 supports these observations.

Defendant filed a motion to suppress "any statements made by Defendant David Vue" because his waiver of his Miranda rights was neither voluntary nor knowing. (Doc. 55.) Defendant argues that although officers asked no questions during the softening up process, the lengthy recounting of the evidence against him was the functional equivalent of interrogation and thus was likely to compel

4

Defendant to make an incriminating response.  (Id. at 3 (citing Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980).)   Defendant further asserts that officers knew he was a methamphetamine user and although they did not know whether he had used drugs that day, they knew it was a distinct possibility and they made no attempt to determine if he was under the influence of drugs during his interview.  (Id. at 2-3.)

The Magistrate Judge has recommended the motion to suppress be denied because the statements Defendant made were not coerced as Defendant provided a voluntary and knowing waiver of his rights.   (Doc. 62 at 12-17.)  The Magistrate Judge also found that the process Agent Mento applied during the "softening up" period did not overbear Defendant's will so as to render Defendant's statements involuntary.  (Id. at 11.)  Importantly, Defendant did not make any incriminating statements during this pre-Miranda period.  The Court agrees with the Magistrate Judge.  The Court finds no error in the Magistrate Judge's application of the law to the facts of this case.

**IT IS ORDERED**:

    1.    The Report and Recommendation dated May 25, 2022 (Doc. No. 62) is **ADOPTED**; and

2.  Defendant's Motion to Suppress Any Statements Made by Defendant (Doc. 19) is **DENIED**.

DATED:  July 27, 2022          s/Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court